Argued July 9, affirmed September 8, 1965

# BLAIR ET AL v. ALLEN C. EDWARDS REALTY CO.

405 P. 2d 538

*DeMar L. Batchelor,* Hillsboro, argued the cause for appellant. On the brief was Carrell F. Bradley, Hillsboro.

*Donald J. DeFrancq,* Portland, argued the cause for respondents. On the brief were Theodore B. Jensen and Davis, Jensen, Martin & Robertson, Portland.

Before McALLISTER, Chief Justice, and GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

## HOLMAN, J.

This is a suit in equity brought by owners of property in the subdivision of McMillan Acres to enjoin the defendant, the owner of Lot 1, from maintaining a real estate office thereon in violation of a land covenant which limited its use to residential purposes. The trial court granted the requested relief, and the defendant appealed.

McMillan Acres, consisting of 36 lots, was platted in 1946 and, except for four lots, was restricted to single family dwelling residential use. All lots in the subdivision, both restricted and unrestricted, have been improved with single family dwellings with the exception of five undeveloped lots and one, not covered by the restrictions, which has both single family dwellings and duplexes upon it. The houses are in the $12,000 to $25,000 class. There is no evidence of a violation of the use restrictions within the subdivision other than that sought to be abated by this suit.

The northerly side of the subdivision is bounded by the Bertha-Beaverton Highway which is a four-lane arterial state highway. Lot 1 is the most northeasterly lot and abuts upon the highway as do four developed lots and four undeveloped ones. Lot 1 also abuts on the westerly side of Jamieson Road which enters the highway from the south. It is improved by a dwelling house built in 1958 and with a graveled

parking lot about 35 feet deep and 75 feet long adjacent to Jamieson Road. The house was occupied for about a year by a family as a dwelling and has since been used almost continuously as a real estate office. This suit was brought in 1961 after an effort to have defendant terminate his violation. All conveyances of lots subject to the restrictions contained a limiting covenant.

Defendant asserts by way of defense that equity should not enforce the restrictions because of a radical change in the character of the neighborhood and because enforcement would be oppressive to defendant and of no benefit to plaintiffs. There are two changes in the character of the neighborhood upon which defendant's defense depends. The first is the improvement of the Bertha-Beaverton highway from a two-lane to a four-lane road with a resultant large increase in traffic and change in the size of defendant's lot. When the highway was widened, about twenty feet of defendant's lot was taken, but the remainder was 127 feet deep. The second is the inclusion within the limits of the City of Beaverton of defendant's lot and the four adjacent ones abutting on the highway. This was done with the consent of the owners of the lots so included. A subsequent City of Beaverton zoning reclassification permitted certain business uses thereon.

The defendant does not contend that the change in zone by the city is of any legal importance relative to the validity of the land use restrictions. Defendant does assert it is evidence of the change in character of the neighborhood. The evidence indicates that the character of the use of the land along the highway in the vicinity of McMillan Acres has been changing

gradually since the highway was widened. The change has been from residential to business.

The law applicable to the situation is not in doubt. It was clearly set forth by this court in the case of *Ludgate v. Sommerville,* 121 Or 643, 256 P 1043 (1927). The court, at page 651, quoted with approval from the case of *Sandusky v. Allsopp,* 99 N.J.Eq. 61, 131 A 633 (1926), as follows:

> "When the parties bound by the covenant have not themselves waived or abandoned or forfeited the restriction upon the use of land, a change of character of the surrounding territory will not induce a court of equity to refuse to enforce the covenant, unless the influence of the change upon the restricted area is such as to clearly neutralize the benefits of the restrictions to the point of defeating the object and purpose of the covenant. Page v. Murray, 46 N.J.Eq. 328 (19 Atl. 11); Trustees of Columbia College v. Thatcher, 87 N.Y. 311 (41 Am. Rep. 365)."

This court then said, at pages 652 and 653, as follows:

> "* * * If the principle of law upon which defendant relies is to be applied in this case it must be by reason of changed conditions outside of Laurelhurst. There is no basis for any claim that Laurelhurst itself has changed its residential character unless it be predicated on the fact that there is increased traffic on Sandy Boulevard, but this, in itself, clearly would not warrant a denial of equitable relief. * * * It may be that defendant's lot is more suitable and valuable for business purposes than for a residence but, at the time he purchased it in 1922, he was unquestionably aware of the condition of which he now complains. * * * We are not prepared to say, in view of the evidence, that the maintenance of this part of Laurelhurst as a residential district is of no substantial benefit to plaintiff. It is true that it might be more

valuable for business purposes, but there are some things in this strenuous age of commercialism that count more than cash. It is her home."

In *Crawford v. Senosky,* 128 Or 229, 235, 274 P 306 (1929), this court said:

"* * * if the restrictive covenant is still of substantial value to a dominant estate notwithstanding the changed use of the land and buildings in the vicinity, equity will restrain the violation of that covenant, provided relief is promptly sought."

When the above quoted law is applied to the facts of this case, the result seems clear. The plaintiffs have not tolerated or been guilty of other violations of the use restrictions and thus have not waived, abandoned or forfeited the benefit of the restriction. Though defendant's property may be more valuable for commercial purposes, it was aware at the time it took title of the condition of which it now complains. The influence of the change upon the restricted area has not been such as to neutralize the benefits of the restrictions to plaintiffs' properties to the point of defeating the object and purpose of the covenant. If defendant's lot and others adjacent to the highway are permitted business uses, plaintiffs' residences are that much closer to commercial encroachment. For that reason plaintiffs are deprived of some of the benefit of the restriction upon which they relied when they purchased their properties. If the restriction is not enforced, their first line of defense will have fallen. The erosion will have commenced and there will, in turn, be grounds for removing the restrictions from all adjacent properties.

As the restrictive covenant is still of substantial value to plaintiffs' properties, despite the changed use

of the land in the vicinity, and as relief has been promptly sought, the violation of the covenant is restrained.

The decree of the trial court is affirmed.