Argued March 7, affirmed as modified June 26, 1968

GEORGE ET AL, *Respondents, v.* SMITH ET AL,
*Defendants* and
WALKER ET AL, *Appellants.*
443 P. 2d 229

*Norman L. Lindstedt,* Portland, argued the cause for appellants. With him on the brief were Buss, Leichner, Lindstedt & Sipprell, Portland.

*Warde. H.. Erwin,* Portland, argued the cause and filed the brief for respondents.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiffs brought a suit in equity to restrain defendants from using for commercial purposes Lots 6, 7, 8, 9 and the West ½ of 10, Reynolds Mountain View Addition, Plat No. 2, Multnomah County, and to require removal therefrom of all commercial structures and facilities. The lots in question lie between Marine Drive and the Columbia River. All lots within the plat, with enumerated exceptions which are not relevant, are subject to a property use restriction which

limits them to residential and domestic use. Defendants appeal from a decree limiting them to such use and requiring removal of all commercial boat facilities from the adjacent waters of the river.

The evidence discloses that the then owners of part of the lots in question drove some pilings in the bed of the river opposite these lots in 1960, but no further development was made until subsequent purchasers built a commercial moorage on and over the water with the use of the old pilings. The facility was completed by January of 1962. It was destroyed in the great flood of December, 1964, and the present owners rebuilt the facility on an enlarged scale in 1965 over plaintiffs' protests. The only improvement on the lots in question was the establishment of a parking lot for the moorage customers.

■ Defendants contend that the court erred in decreeing the removal of the moorage facilities floating on the waters of the river or implanted in its bed. With this contention we agree. The trial court was limited to enforcing the use restrictions on the real property. This was the issue made by the pleadings. The real property restrictions have no effect on the use of the bed or waters of the river, and the court was without authority to regulate their use. The decree did properly prohibit the use of the adjacent platted property for commercial purposes. This prevents its use as a parking lot for the moorage customers. The trial court's decree will be modified accordingly.

■ Defendants also claim that the decree was erroneous in its entirety because the restriction was vitiated by a substantial change in the character of the neighborhood. The evidence indicates greater use of the waters of the river for boating and more vehicular traffic on Marine Drive. Neither of these is

sufficient to invalidate the restriction. See *Blair v. Edwards Realty Co.,* 241 Or 257, 260, 405 P2d 538 (1965). These changes did not neutralize the benefits of the restrictions to the point of defeating their purpose.

■ Defendants next contend that the restrictions amount to a prohibition of any use, and are therefore void. They claim the property cannot be put to residential or domestic use because there is no public sewage disposal system in the area and the lots are of insufficient depth from the river to allow the use of private sewage disposal drain fields. The contention is not well taken because there is nothing to prevent the use of the property for recreational purposes in connection with the residential use of larger lots nor was there any assurance that public sewage disposal facilities would never be available.

■ Defendants also contend the restrictions are unenforceable because they have been so generally violated as to indicate a purpose and intent on the part of the residents of the plat to abandon the restrictions. While there is evidence of some other violations within the restricted area, the evidence does not indicate they are of sufficient number or extent to justify such a contention.

Defendants contend there was no evidence of the use of the real property for commercial purposes, but that there was only evidence of commercial use of the waters of the river. The evidence demonstrates that the property was used as a parking lot for the patrons of the moorage.

■ Defendants' next assignment of error contends that plaintiffs are estopped from enforcing the restrictions because of their failure to previously object to the use of the property. The facility, as it existed

prior to being swept away in the flood of 1964, was substantially completed by January of 1962. Objections were made to its being rebuilt in 1965, but defendants went ahead anyway and built with a government loan on a larger scale. The moorage was built, of course, with the expectation that the land could be used for parking. The land's use for commercial parking in conjunction with the moorage on the water, gradually evolved. Its commercial use grew as the moorage progressed. However, we cannot say, under the circumstances, that the commercial use of the land, prior to objection, was of such extent and duration that the property owners are now estopped to object.

The decree of the trial court is modified to prevent commercial use of the land only and is limited in its effect to the stated life of the restrictions on the property within the plat. Neither party is to receive costs on appeal.